AVERY M. ELLIOTT ET AL., PARTNERS, &c., RESPOND-
ENTS, v. JOHANNA MORELAND, PROSECUTOR.

Argued November 11, 1902—Decided February 24, 1903.

1. The signature of a third party on the back of a promissory note
   before it was put in circulation by the maker, neither expressed
   nor implied any contract, but a contract might be shown by evi-
   dence.
2. The evidence in this case is not sufficient to show a contract of
   suretyship.
3. When a party produces in evidence his books of original entry
   the defendant is entitled to cross-examine him as a party as to
   the entries therein without any *subpœna duces tecum* for that
   purpose.

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the prosecutor, *George P. Rust.*

For the respondents, *Addison P. Rosenkrans.*

The opinion of the court was delivered by

GARRETSON, J. The plaintiff brought suit to recover the
amount due on a promissory note made by Moreland Brothers
to the order of Elliott Brothers & Company, the plaintiffs,
and endorsed by Johanna Moreland, one of the defendants.
The suit is against John Moreland and Leonard Moreland,
partners as Moreland Brothers, and Johanna Moreland, who
is a married woman. John and Leonard Moreland having
been adjudicated involuntary bankrupts, the action was dis-
missed as to them and judgment rendered against Johanna
Moreland for the amount of the note. This judgment she
seeks to have reversed.

The note arose under the following circumstances: The
firm of Moreland Brothers was indebted to the plaintiffs
for paints and materials delivered to them between July 12th

and October 18th, 1901, and made this note to pay the bill. Johanna Moreland endorsed the note, before its delivery, under the following circumstances: The note was made and signed by Moreland Brothers and tendered to the plaintiffs, who refused to accept it without "additional security;" one of the Moreland Brothers thereupon took the note to his mother, the defendant Johanna Moreland, and told her to sign it, with which command she complied, and the note was then again tendered to the plaintiffs, who further asked for, and obtained, a certificate, signed by Johanna Moreland, that the note in question was a genuine business note, given for value received, and that there is no defence to the same either in law or equity.

The note was irregularly endorsed by a married woman before its acceptance by the payee.

In *Building Society* v. *Leeds,* 21 *Vroom* 399, it was held that the signing of a non-negotiable note by a third party, while such note is in the hands of the maker of it, does not, when passed to the payee, import, *per se,* any contract on which a suit will lie, and that the production of such a note, without proof other than itself, will not sustain an action against such endorser.

*Chaddock* v. *Van Ness,* 6 *Vroom* 517, holds that the signature of a third person on the back of a negotiable note, before it was put in circulation by the maker, neither expressed nor implied, by its own intrinsic signification, any contract whatever on the part of such endorser. Parol evidence was held to be admissible to show what the agreement between the parties was.

The plaintiffs in this case claim that Johanna Moreland signed the note as surety, and to prove the contract of suretyship rely upon two circumstances—*first,* the making of the certificate above mentioned; *second,* that some of the items of the bill which the note was given to pay went in the construction of a house belonging to her, and that, by accepting the note, the payees postponed payment for these items for so long a time that they lost their right to file a lien claim

for them upon her building. As to both of these circumstances there is not a word of testimony to show that, by them, or by reason of them, the endorser intended to enter into a contract of suretyship. The certificate is a true statement of the attitude of the makers of the note towards the payees, and as to the loss of the right to file a lien claim, the note was for a bill of goods that had already been furnished to the makers and was owed for by them—no portion of it was due by the endorser, no consideration moved to her.

The plaintiff being a married woman, no contract of suretyship would be binding upon her, unless it appeared that she obtained something of value for her own use or for the use, benefit or advantage of her separate estate. *Gen. Stat., p.* 2017, § 26. While the judge below found as a fact that some of the items of the bill went into the endorser's building, yet she nowhere admitted this fact, and, in truth, disputed it, so that the finding of this fact could not be evidence to prove that because of it she agreed to become surety on the note.

The judge also certifies that, on the trial, the plaintiffs never had any conversations with the endorser in regard to signing the note and the certificate.

There is not sufficient evidence to prove that the endorser entered into any contract of suretyship.

The plaintiffs having contended that some of the items of the bill for which the note was given went into a house of the defendant's for which a lien could be had, and that thereby a special consideration arose to her, she should have been allowed to cross-examine the plaintiff as a party as to the entries in his book of original entry, without any *subpœna duces tecum* for the purpose. This was denied to the defendant. In this there was also error.

The judgment below will be reversed, with costs.